Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorneys for Plaintiff,
*Christopher Marx*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MARX,<br><br>    Plaintiff,<br><br>    v.<br><br>CAPITAL ONE BANK (USA), N.A.,<br><br>    Defendant. | Case No.:  **'17CV0985 WQHAGS**<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>  1. TCPA, 47 U.S.C. § 227<br>  2. RFDCPA, Cal. Civ. Code § 1788<br><br>(Unlawful Debt Collection Practices) |

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Christopher Marx ("Plaintiff"), through his attorneys, alleges the following against Defendant, Capital One Bank (USA), N.A. ("Capital One"), ("Defendant"):

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the

    TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Carlsbad, San Diego County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

9. Defendant, Capital One, is Virginia corporation that engages in business in California. Defendant can be served with process through its agent, Corporation Service Company, at 1111 East Main Street, Richmond, Virginia 23219.

10. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

11. Defendant is attempting to collect a debt from Plaintiff.

12. In or around January 2017, Plaintiff began receiving calls on his cellular telephone; (602) 421-1188.

13. Defendant called from the following number: (800) 955-6000.

14. Upon information and belief, this number is owned or operated by Defendant.

15. On or about January 31, 2017, at 9:42 a.m., Plaintiff contacted Defendant at (800) 955-6000; Plaintiff spoke with a Capital One representative and unequivocally revoked consent to be contacted any further on his cellular telephone.

16. Defendant's representative informed Plaintiff that they would continue to call Plaintiff to collect on the alleged debt.

17. Between February 1, 2017 and April 7, 2017, Defendant called Plaintiff on his cellular telephone approximately one-hundred (100) times.

18. On or about April 7, 2017, at 12:48 p.m., Plaintiff answered a call from Defendant originating from (800) 955-6600.

19. Defendant's representative informed Plaintiff that it was attempting to collect a debt and Plaintiff, for the second time, unequivocally revoked consent to be called any further.

20. Each time Plaintiff answered a call from Defendant there would be brief pause prior to a representative speaking.

21. Upon information and belief, Defendant called Plaintiff using an automatic telephone dialing system or predictive dialer.

22. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

23. Plaintiff does not generally suffer from depression and high blood pressure, however, due to Defendant's conduct he has experienced both on a regular basis.

24. Plaintiff has endured increasingly high levels of stress and has become fearful of the phone calls due to its impact on his employment

25. Plaintiff works as a realtor and uses his cellular phone for work.  The phone calls have affected Plaintiff's work by disrupting his ability to focus on his clients.  Additionally, he frequently misses calls from clients because he has resorted to not answering calls out of fear that it could be Defendant.

## COUNT I

### (Violations of the TCPA, 47 U.S.C. § 227)

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any

> telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

28. Defendant's acts, as described above, were done willfully in violation of the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

30. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

31. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

　　i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

　　ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

　　iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

32. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

//

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Christopher Marx, respectfully requests judgment be entered against Defendant, Capital One for the following:

A. Declaratory judgment that Defendant violated the RFDCPA;

B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: April 26, 2017

By: */s/ Stuart Price*
Stuart Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorneys for Plaintiff,
*Christopher Marx*